UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1) ABOVE IT ALL ROOFING & CONSTRUCTION, INC., <br><br> Plaintiff, <br><br> v. <br><br> 1) SECURITY NATIONAL INSURANCE COMPANY, <br><br> Defendant. | Case No. 16-cv-00770-GKF-PJC |

### NOTICE OF REMOVAL OF DEFENDANT
### SECURITY NATIONAL INSURANCE COMPANY

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Security National Insurance Company ("Security National") timely removes this action from the District Court of Tulsa County, State of Oklahoma, to the United States District Court for the Northern District of Oklahoma. This Court has original jurisdiction under 28 U.S.C. §§ 1332 and 1441. Complete diversity of citizenship exists between the Plaintiff and Defendant, and it is facially evident from the Petition ("Complaint") that the amount in controversy exceeds $75,000.00, exclusive of interest and costs. In support of removal, Security National further states as follows:

1. On December 1, 2016, Plaintiff filed a lawsuit in the District Court of Tulsa County titled *Above It All Roofing & Construction, Inc. v. Security National Insurance Company*, Case No. CJ-2016-4372. *See* Docket Sheet attached as Exhibit "1".

2. Attached as Exhibit "2" are all process, pleadings and orders on file as of the date of removal, consisting of the Petition, Summons, Return of Summons.

3. Plaintiff is an Oklahoma corporation which has its principal place of business in Tulsa County, Oklahoma (*see* Exhibit "2"), Complaint, ¶ 1).

4. Defendant is a Delaware corporation which has its principal place of business in Texas.

5. The attached Complaint (Exhibit "2") alleges that Defendant Security National has breached a contract of liability insurance and acted in bad faith in declining to provide a defense to or acknowledge an obligation to indemnify Plaintiff from loss in connection with a lawsuit filed against Plaintiff in the District Court of Osage County, Oklahoma.

6. Plaintiff seeks damages in excess of the minimal jurisdictional amount of $75,000.00, exclusive of interest and costs, mandated by 28 U.S.C. § 1332 (*see* Complaint, p. 9).[1]

7. The District Court of Tulsa County is located within the Northern District of Oklahoma, and venue is proper in this Court, because the Northern District of Oklahoma is the district embracing the place where the action is pending. 28 U.S.C. § 1441(a).

---

[1] In the prayer to the Complaint (at p. 9), Plaintiff requests judgment upon each of the three causes action "…in excess of the amount required for diversity jurisdiction pursuant to 28 U.S.C. § 1332…".

8. With the filing of this Notice of Removal, Security National is paying the prescribed filing fee, filing proof of filing the Notice with the Clerk of the State Court along with proof of service on the adverse party and complying with all local rules.

9. Attached as Exhibit "3" is letter dated December 5, 2016 and Summons reflecting Summons was received by the Oklahoma Insurance Commissioner on December 5, 2016, as Security National's statutory agent for service of process. Therefore, Security National's Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b).[2]

10. Attached as Exhibit "4" is Defendant's Entry of Appearance and Reservation of Time to Plead which was mailed for filing on December 23, 2016, but not yet received by the District Court Clerk.

11. Immediately following the filing of this Notice of Removal, written notice of its filing will be delivered to Plaintiff's counsel, and Security National will promptly file a copy of this Notice with the District Court of Tulsa County, Oklahoma, as required by 28 U.S.C. § 1446(d).

12. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) because there is complete diversity between Plaintiff and Defendant and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. *See* 28 U.S.C. § 1441(a), (b)(2).

---

[2] The Return of Service in the Tulsa County Court Clerk's file reflects service was received January 2nd. Even if correct, this removal is still timely.

                Respectfully submitted,

                /s/ George W. Dahnke
                George W. Dahnke, OBA No. 2131
                Doerner Saunders Daniel & Anderson LLP
                105 N. Hudson Ave, Suite 1000
                Oklahoma City, OK 73102-4805
                Telephone: 405-319-3500
                Facsimile: 405-319-3509
                Email: gdahnke@dsda.com

                ***Attorney for Defendant***

## CERTIFICATE OF SERVICE

I hereby certify that, on the 30th day of December, 2016, a true and correct copy of the foregoing document was served upon the following via the Court's electronic notification system, electronic mail, and/or U.S. Mail, postage prepaid:

    Michael J. Masterson, OBA No. 5769
    Amy Hampton, OBA No. 20235
    Wilburn, Masterson & Fleury
    2421 E. Skelly Dr.
    Tulsa, OK  74105-6006
    Telephone:  (918) 494-0414
    Facsimile:  (918) 493-3455
    mike.masterson@wilburnmasterson.com
    ***Attorney for Plaintiff***

                /s/ George W. Dahnke

4084444v1