IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

ABOVE IT ALL ROOFING & CONSTRUCTION, INC,

    Plaintiff,

vs.

SECURITY NATIONAL INSURANCE COMPANY,

    Defendant.

Case No. 16-CV-770-GKF-FHM

## OPINION AND ORDER

Plaintiff's Motion to Compel Discovery From Defendant, [Dkt. 40], and for Sanctions, [Dkt. 47], is before the undersigned United States Magistrate Judge for decision. The matter has been fully briefed and is ripe for decision. Plaintiff's motion seeks an order compelling answers to Interrogatory Nos. 2,[1] 18, and 19, and Request for Production Nos. 7, 10, and 17.

Plaintiff's motion is deficient in that it does not comply with LCvR 37.2 which requires the opening brief in support of a discovery motion "shall include a verbatim recitation of each interrogatory, request, answer, response and objection which is the subject of the motion." Compliance with this rule is necessary as it facilitates the court's consideration of the specific discovery dispute in the context of the arguments pertaining to the particular discovery request at issue. Further, the decision about whether a response will be compelled often rests on the precise language used in the disputed discovery request.

---

[1] Plaintiff's Reply Brief withdraws the arguments related to Interrogatory No. 2.

## Interrogatory Nos. 18, 19, and Request for Production No. 10

Plaintiff's interrogatories ask Defendant to identify any legal decision, legal authority, or secondary source Defendant relied upon to determine the meaning of the term pollution and asbestos within the subject exclusions of the insurance policy at various times between 2011 to present and to identify the source from which Defendant received the legal authority and the date received. In its brief, Plaintiff states that Defendant "objected to the Interrogatory as seeking information protected by attorney client and work product privileges, as vague and ambiguous, and seeking information which is neither relevant nor likely to lead to the discovery of relevant information." [Dkt. 40, p. 14]. Actually, Defendant's response to the Interrogatory Nos. 18 and 19 was, as follows:

> Objection, for the reason that the interrogatory is premature, seeks information irrelevant to the coverage issues before the court and irrelevant to the coverage issues which are to be first determined by the court.

[Dkt. 40-1, p. 8].

In its brief, Defendant argues that the interrogatories essentially require Defendant to go through all of its underwriting and claims files involving asbestos or pollution exclusion over a seven year period to determine what legal decisions or authorities might have been referenced. Thus, the interrogatories are unduly burdensome. Further, to the extent that coverage opinions may have been involved, attorney client privilege issues would arise. Defendant also asserts that the information is irrelevant in view of the court's January 5, 2018 Order, [Dkt. 33], in which the court determined that irrespective of the pollution and asbestos exclusions, the Defendant owed Plaintiff a duty to defend in the state court case

2

where Plaintiff was sued for damages allegedly resulting from roofing work it performed on The Cedar Chest store in Pawhuska, Oklahoma.

The court disagrees that the January 5 Order removed all possible relevance of Defendant's actions concerning its application of the pollution and asbestos exclusions in this bad faith case. However, the court is persuaded that answering the overly broad request for identification of any legal decision, legal authority or secondary source relied upon over a seven year period would be unduly burdensome. Plaintiff has not demonstrated that the request is proportional to the needs of the case, considering the importance of the information to the resolution of the issues presented and the burden of answering the discovery request compared to the likely benefit of the information. Fed.R.Civ.P. 26(b)(1).

Request for Production No. 10 asks for "all information related to coverage opinions involving pollution exclusions, asbestos exclusions or punitive damage exclusions in the State of Oklahoma where (1) the claimant was the named insured; and (2) it involved the same or similar language as insurance policy number NA107340101." [Dkt. 40-2, p. 5]. Defendant objected based on relevancy, over breadth, vagueness, burdensomeness, and on the basis that the information is protected by the attorney client and work product privileges. *Id.*

Coverage opinions are generally protected by the attorney client privilege. *See Marathon Ashland Pipe Line, LLC v. Maryland Cas. Co.,* 243 F.3d 1232, 1352-53 (10th Cir. 2001)(discussing whether insurer's actions waived attorney client privilege in coverage opinion; discussion assumed attorney client privilege attached to coverage opinion). Plaintiff requests all information "related to" coverage opinions for other policies over a ten

year period.  On its face this request seeks materials protected by the attorney-client privilege.  Plaintiff has not presented any argument or authority to suggest that the information sought is not privileged.  To the extent information "related to" coverage opinions encompasses something other than the coverage opinions themselves, the request for production is burdensome and ambiguous as it is not clear what Plaintiff is seeking to have produced.

Plaintiff's Motion to Compel Discovery is DENIED as to Interrogatory Nos. 18 and 19, and Request for Production No. 10.

### **Request for Production No. 7**

Plaintiff seeks production of Defendant's annual financial statement for years 2001-2016.  Defendant objects on the basis that the information is irrelevant, overly broad and unduly burdensome.  [Dkt. 40-2, p. 4].  In addition, Defendant points out that the information is publically available.  Since the information is publically available, and there is no assertion that the information is particularly voluminous, Defendant's objections are not well taken.  Likewise, Plaintiff has not explained why it is unacceptable for Plaintiff to obtain the publicly available information.  Defendant has subsequently offered to produce three years of financial statements, Plaintiff insists that 5 years are needed.  This is precisely the type of discovery dispute that should have been resolved in the required meet and confer.  Neither party has presented any reason why their particular number of years (3 or 5) is significant or the opponent's number is arbitrary.

Plaintiff's Motion to Compel Discovery is GRANTED in part as to Request for Production No. 7.  Defendant is required to produce 4 years of financial statements, 2017 and the three previous years.

**Request for Production No. 17**

Plaintiff requests production of the annual report filed by Defendant with the Oklahoma State Insurance Commissioner for the years 2011 to present. [Dkt. 40-2, p.7]. Defendant responded that the request is overly broad, unduly burdensome and irrelevant. Both parties reiterate their arguments with respect to Request for Production No. 7, without providing any information specific to the annual report. Thus, there is no basis for finding that the production would be unduly burdensome, or that any particular number of years, or particular dates, is significant.

Plaintiff's Motion to Compel Discovery is GRANTED in part as to Request for Production No.17. Defendant is required to produce 4 years of the annual report to the Oklahoma Insurance Commissioner, 2017 and the three previous years.

**Redacted and Withheld Documents**

Plaintiff asserts that the privilege log provided by Defendant did not sufficiently describe the individual documents withheld, the author, or recipient as required by LCvR 26.4. Defendant supplemented its privilege log with further explanation contained in an email from Defendant's counsel to Plaintiff's counsel on June 26, 2018. [Dkt. 40-10]. Additional documents have been provided, including one document provided on July 16, 2018.

Based on Defendant's representations, it appears to the court that Defendant has produced all non-privileged documents pertaining to the claim file and the activities taken in adjusting Plaintiff's insurance claim. If the court has misunderstood Defendant's representations, Defendant is required to produce all such non-privileged documents. Any

documents withheld under a claim of privilege must be identified in a privilege log that complies with the detail required by LCvR 26.4. As provided in that rule, written communications between Defendant and its trial counsel after commencement of this action and work product material created after the commencement of this action need not be contained in a privilege log. To the extent Defendant has withheld documents that are not sufficiently described in the privilege log, Defendant is required to produce an amended privilege log.

### **Motion for Sanctions [Dkt. 47]**

The court finds no basis for either the imposition of sanctions or an award of attorney fees. Both parties shall bear their own attorney fees related to this motion. Plaintiff's Motion for Sanctions, [Dkt. 47], is DENIED.

### **CONCLUSION**

Plaintiff's Motion to Compel Discovery From Defendant, [Dkt. 40], is GRANTED in part and DENIED in part, as set out herein. Plaintiff's Motion for Sanctions, [Dkt. 47], is DENIED.

SO ORDERED this 20th day of August, 2018.

_____
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE